IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGIA A. CELENTANO,

    Plaintiff,

    vs.                      No. CIV. S-11-1881 KJM CKD PS

SACRAMENTO REGIONAL
TRANSIT DISTRICT et al.,

    Defendants.         ORDER

_____/

        Plaintiff is proceeding pro se and in forma pauperis in this action. This proceeding was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        On October 24, 2011, the court ordered the United States Marshal to serve process on the defendants in this case within ninety (90) days. (Dkt. No. 8.) The United States Marshal's waiver of service form notifies a defendant that failure to waive service of summons would result in a requirement that defendant bear costs of such service unless it shows good cause for failure to return the waiver. See Fed. R. Civ. P. 4(d)(1); 28 U.S.C. § 566(c).

        On February 14, 2012, the United States Marshal filed a return of service with a USM-285 form showing total charges of $60.10 for effecting personal service on defendant City

of Elk Grove. (Dkt. No. 16.) The form shows that a waiver of service form was mailed to the defendant on November 17, 2011, and that no response was received. (<u>Id</u>.) Along with the return of service, the United States Marshal filed a request for an order to reimburse the Marshal's service fees. (Dkt. No. 17.)

Also on February 14, 2012, the United States Marshal filed a return of service with a USM-285 form showing total charges of $70.30 for effecting personal service on defendant E-Tran, City of Elk Grove. (Dkt. No. 18.) The form shows that a waiver of service form was mailed to the defendant on November 17, 2011, and that no response was received. (<u>Id</u>.) Along with the return of service, the United States Marshal filed a request for an order to reimburse the Marshal's service fees. (Dkt. No. 19.)

Rule 4(d) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. . . .
>
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A)  the expenses later incurred in making service; and
> (B)  the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(1), (2)(A), (B).

The court finds that defendants City of Elk Grove and E-Tran, City of Elk Grove were given the opportunity required by Rule 4(d) to waive service and have failed to comply with the request. From the court's record, it appears that all defendants are represented by the same counsel. Although counsel executed a waiver of service form on behalf of defendant Sacramento Regional Transit District, no such forms were executed on behalf of defendants City of Elk Grove and E-Tran, City of Elk Grove. (<u>See</u> Dkt. No. 12.) Therefore, the U.S. Marshal was compelled to serve these defendants personally.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days from the date of this order defendant City of Elk Grove shall pay to the United States Marshal the sum of $60.10, and defendant E-Tran, City of Elk Grove shall pay to the United States Marshal the sum of $70.30, unless within that time these defendants file written statements showing good cause for their failure to waive service. The court does not intend to extend this fourteen day period.

2. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

Dated: February 15, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
Celentano.1881.usmcost.wpd