1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGIA A. CELENTANO,

11              Plaintiff,

12        vs.                          No. 2:11-cv-1881 KJM CKD PS

13   SACRAMENTO REGIONAL
     TRANSIT DISTRICT et al.,

14

15              Defendants.           ORDER TO SHOW CAUSE AND ORDER

16                                    SETTING STATUS CONFERENCE

17   _____/

18          Plaintiff is proceeding pro se and in forma pauperis in this action.  This

19   proceeding was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C.

20   § 636(b)(1).

21          On March 19, 2012, in light of both parties' consent and request for referral to the

22   court's Voluntary Dispute Resolution Program ("VDRP"), the court vacated a March 21, 2012

23   status (pre-trial scheduling) conference, referred the case to VDRP, and deferred setting the case

24   for trial until completion of the VDRP session.  The parties were directed to review the

25   requirements of the Program outlined in E.D. Cal. L.R. 271 and to contact the court's VDRP

26   coordinator within fourteen (14) days to initiate the process of selecting a neutral.  Additionally,

1    the parties were ordered to inform the court within 120 days as to whether the program

2    successfully resolved the case.  (See Dkt. No. 24.)  The court's record shows that the VDRP

3    coordinator subsequently appointed David Perault as a VDRP neutral in this matter.  (Dkt. No.

4    25.)

5            In a letter dated July 25, 2012, defendants informed the VDRP coordinator that

6    several attempts to schedule the VDRP session have been unsuccessful.  According to

7    defendants, both Mr. Perault's office and defendants' counsel have made attempts to schedule a

8    date with plaintiff, but the most recent call was unreturned.  Defendants believe that plaintiff no

9    longer wishes to participate in VDRP and has apparently expressed a desire to litigate the matter.

10   (See Dkt. No. 30.)

11           In light of the above, the court will issue an order to show cause why monetary

12   sanctions should not be imposed against plaintiff for her failure to cooperate in good faith with

13   scheduling of the VDRP session in accordance with the court's order.  Based on plaintiff's

14   representation that she was willing to engage in VDRP, progress of this case has been delayed by

15   several months and defendants and the neutral attorney have both dedicated time and resources to

16   initiating the VDRP process.  Although the court liberally construes the pleadings of pro se

17   litigants, they are required to adhere to the rules of procedure, including the Federal Rules of

18   Civil Procedure and the court's Local Rules.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.

19   1995).  Failure to comply with the Local Rules "may be grounds for imposition . . . of any and all

20   sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal.

21   L.R. 110; see also E.D. Cal. L.R. 183 (requiring compliance with the Local and Federal Rules by

22   pro se litigants and providing that failure to comply may be grounds for dismissal, judgment by

23   default, or any other appropriate sanction).

24           The court will require plaintiff to file a declaration in response to the order to

25   show cause, setting forth any exculpatory reasons as to why sanctions should not be imposed,

26   within fourteen (14) days of this order.  In turn, defendants will be required to file, within

fourteen (14) days of this order, a declaration outlining the expenses reasonably incurred by defendants in connection with coordinating and scheduling the VDRP session.

Additionally, the court will set a status (pre-trial scheduling) conference in this matter for August 29, 2012 at 10:00 a.m. in courtroom no. 26 before the undersigned.  Plaintiff will be required to personally appear and will not be permitted to appear via telephone at the conference.  The parties shall draft and file a joint status report addressing the matters outlined in this court's previous October 24, 2011 order setting status conference (see dkt. no. 9, ¶ 5) no later than August 22, 2012.  Plaintiff is hereby cautioned that failure to cooperate with the drafting of the joint status report and/or failure to appear at the status conference will result in a recommendation that the action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute the case and failure to obey court orders and the Local Rules.

Accordingly, IT IS HEREBY ORDERED that:

1.  Within fourteen (14) days of this order, plaintiff shall file a declaration to show cause why monetary sanctions should not be imposed against plaintiff for her failure to cooperate in good faith with scheduling of the VDRP session in accordance with the court's prior order.

2.  Within fourteen (14) days of this order, defendants shall file a declaration outlining the expenses reasonably incurred by defendants in connection with coordinating and scheduling the VDRP session.

3.  A status (pre-trial scheduling) conference is set for August 29, 2012 at 10:00 a.m. in courtroom no. 26 before the undersigned.  Plaintiff shall personally appear at the conference. The parties shall file a joint status report in accordance with this order no later than August 22, 2012.

Dated: July 30, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5 - Celentano.1881.osc.sc.wpd