1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGIA CELENTANO,

11              Plaintiff,                 No. 2:11-cv-01881 KJM CKD  PS

12        v.

13   SACRAMENTO REGIONAL
     TRANSIT DISTRICT et al.,
14
                Defendants.        FINDINGS AND RECOMMENDATIONS
15   _____/

16

17              Through these findings and recommendations, the undersigned recommends that

18   plaintiff's case be dismissed with prejudice and that this case be closed.[1]  Plaintiff has twice

19   failed to appear for scheduled status conferences and has refused to cooperate in scheduling a

20   Voluntary Dispute Resolution Program ("VDRP") session despite having consented to referral.

21   I.       BACKGROUND

22              Plaintiff proceeds without counsel and in forma pauperis in this matter.  Dkt. 8.

23   The original complaint was filed on July 18, 2011 and the operative second amended complaint

24   asserts claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act

25   _____

26        [1]  This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
     U.S.C. § 636(b)(1).

                                            1

1    against several governmental entity defendants.  Dkt. 1, 26.

2              On October 24,  2011 the undersigned entered an order setting a status conference

3    for March 21, 2012 and requiring each party to file status reports no later than 14 days prior to

4    the hearing.  Dkt. 9.  Defendants timely filed their status report on March 7, 2012 (Dkt. 21), but

5    when plaintiff failed to do so the undersigned granted a five day extension in which plaintiff

6    could file her report or a statement consenting to referral to the court's Voluntary Dispute

7    Resolution Program ("VDRP") (Dkt. 22).  Plaintiff filed a statement consenting to referral to

8    VDRP on March 15, 2012 and, because both parties had requested referral, the undersigned

9    entered an order on March 19, 2012 referring the matter accordingly.  Dkt. 15, 23, 24.

10             On July 27, 2012, defendants notified the court that several attempts to schedule

11   the VDRP session with plaintiff had been unsuccessful.  Dkt. 30.  According to defendants, both

12   the VDRP coordinator and counsel for defendants had attempted scheduling a date, but plaintiff

13   had not returned defendants' most recent phone call.  Id.  In response, the undersigned issued an

14   order to show cause ("OSC") on July 31, 2012, which required plaintiff to: (1)  file a declaration

15   within fourteen days of the order showing cause why monetary sanctions should not be imposed

16   against her for failing to cooperate in good faith with the scheduling of the VDRP session; (2)

17   personally appear at a status conference set for August 29, 2012; and (3) file a joint status report

18   with the defendants no later than August 22, 2012 .  Dkt. 31.  The undersigned also cautioned

19   plaintiff that "failure to cooperate with the drafting of the joint status report and/or failure to

20   appear at the status conference will result in a recommendation that the action be dismissed with

21   prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute the case and failure to obey

22   court orders and the Local Rules."  Id.  Plaintiff was further warned that failing to comply with

23   the Local Rules "may be grounds for imposition ....of any and all sanctions authorized by statute

24   or Rule or within the inherent power of the Court."  Id.

25             On August 13, 2012 plaintiff filed a declaration objecting generally to the court's

26   OSC and to defendants' characterization of its attempts to schedule the VDRP session with

2:11-cv-01881-KJM-CKD   Document 39   Filed 09/24/12   Page 3 of 8

1   plaintiff. Dkt. 33. She also referenced a deposition scheduled by defendants on July 30, 2012

2   that she refused to attend due to "discovery issues that need to be settled by the judge first." Id.

3   In their status report filed on August 21, 2012, defendants indicated that they circulated a draft

4   joint report to plaintiff on August 8, 2012 for her to review and edit, but she failed to respond.

5   Dkt. 34.

6         On August 28, 2012 – the day before the status conference – plaintiff left a

7   message with the court stating, without explanation, that she would not be able to attend. Dkt.

8   36. The court subsequently vacated the August 29, 2012 status conference and re-set it for

9   September 19, 2012. Dkt. 36. Plaintiff was again instructed to personally appear at the status

10  conference and informed that the court was not inclined to further extend the date absent

11  extraordinary circumstances. Id. Additionally, plaintiff was cautioned that failure to appear at

12  the status conference would result in a recommendation that the action be dismissed with

13  prejudice pursuant to Fed. R. Civ. P. 41(b). Id. Nonetheless, plaintiff again failed to appear for

14  the September 19, 2012 status conference as instructed. Dkt. 38. She did not notify the court of

15  her absence prior to the hearing nor did she subsequently explain her failure to attend.

16  II.   DISCUSSION

17         Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an

18  action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure,

19  failure to comply with the court's local rules, or failure to comply with the court's orders.[2] See,

20  e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

21  *sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

22  Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action

23  pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

24

25        [2] Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to
26  prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action
    or any claim against it." Fed. R. Civ. P. 41(b).

1    or comply with the rules of civil procedure or the court's orders); <u>Ferdik v. Bonzelet</u>, 963 F.2d

2    1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

3    may dismiss an action for failure to comply with any order of the court"); <u>Pagtalunan v. Galaza</u>,

4    291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to

5    prosecute when habeas petitioner failed to file a first amended petition).  This court's Local

6    Rules are in accord.  <u>See</u> E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with

7    these Rules or with any order of the Court may be grounds for imposition by the Court of any and

8    all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal.

9    L.R. 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil

10   Procedure, the court's Local Rules, and other applicable law may support, among other things,

11   dismissal of that party's action).

12            The court must weigh five factors in determining whether to dismiss a case for

13   failure to prosecute, failure to comply with a court order, or failure to comply with a district

14   court's local rules.  <u>See</u>, <u>e.g.</u>, <u>Ferdik</u>, 963 F.2d at 1260.  Specifically, the court must consider:

15            (1) the public's interest in expeditious resolution of litigation;
             (2) the court's need to manage its docket; (3) the risk of prejudice
16           to the defendants; (4) the public policy favoring disposition of
             cases on their merits; and (5) the availability of less drastic
17           alternatives.

18   <u>Id.</u> at 1260-61; <u>accord</u> <u>Pagtalunan</u>, 291 F.3d at 642-43; <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th

19   Cir. 1995).  The Ninth Circuit holds that "[t]hese factors are not a series of conditions precedent

20   before the judge can do anything, but a way for a district judge to think about what to do."  <u>In re</u>

21   <u>Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006).

22            Although involuntary dismissal can be a harsh remedy, a balancing of the five

23   relevant factors weigh in favor of dismissing this action.  The first factor supports dismissal of

24   this action.  This case has been ongoing for over one year with the plaintiff doing little more than

25   filing three complaints.  She has repeatedly failed to appear at scheduled status conferences to

26   discuss the state of her action against defendants and allow the court to move forward in setting

1  discovery and other deadlines.  Because plaintiff has also failed to cooperate with VDRP, the

2  parties have yet to address a single matter at issue in the case.  Such delay in reaching the merits

3  of a case is costly in money, memory, manageability, and confidence in the process and is within

4  the court's judgment to determine when delay becomes unreasonable.  See In re

5  Phenylpropanolamine, 460 F.3d at 1227.

6          The second factor, which considers the court's need to manage its docket, relates

7  to the first factor and also supports dismissal of this action.  See Id, In re Eisen, 31 F.3d 1447,

8  1452 (9th Cir. 1994) (second factor usually reviewed in conjunction with the public's interest in

9  expeditious resolution).  The goal in allowing the district courts to retain power over their own

10  dockets is to get cases decided on the merits of issues that are truly meritorious and in dispute.  In

11  re Phenylpropanolamine, 460 F.3d at 1227.  A scheduling order is one way to facilitate that

12  process and Fed. Rule Civ. Pro 16(c)(12)(f) puts teeth into these objectives by permitting a judge

13  to dismiss a case for failing to comply with such orders.  See id at 1227.  Plaintiff's failure to

14  appear for both status conferences  – wherein a scheduling order would issue, setting dates for

15  discovery and summary adjudication  – has prevented this court from identifying and addressing

16  the matters at issue despite that this action has been on its docket since July 19, 2011.  Dkt. 1.

17  Any further time spent by the court on this case will consume scarce judicial resources and take

18  away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have

19  inherent power to manage their dockets without being subject to noncompliant litigants).

20          The third factor, which considers prejudice to the defendant, also counsels in

21  favor of dismissal here.  Prejudice is found if the plaintiff's actions impair the defendant's ability

22  to go to trial or threaten to interfere with the rightful decision of the case.  In re

23  Phenylpropanolamine, 460 F.3d at 1227 (quoting Adriana Int'l Corp. V. Thoeren, 913 F.2d 1406,

24  1412 (9th Cir. 1990)).  The costs and burden of litigation to the defendants are also considered

25  prejudicial.  See Pagtalunan, 291 F.3d at 642.  This is especially important here where all of

26  defendants are governmental entities operating with scarce resources and managing heavy

5

1  caseloads.  Additionally, the unreasonable delay, noted above, in reaching the merits of this case

2  is presumed to be prejudicial to defendants.  See, e.g., In re Phenylpropanolamine., 460 F.3d at

3  1227 (quoting In re Eisen, 31 F.3d at 1453) .

4            While the fourth factor favors disposition of cases on their merits, and not by

5  dismissal, plaintiff's repeated noncompliant behavior allows the undersigned to fairly

6  recommend dismissal of her claims.  The public policy discouraging dismissal without

7  adjudication on the merits lends little support to a party, such as plaintiff, whose responsibility it

8  is to move a case toward disposition on the merits but whose conduct impedes progress in that

9  direction.  See, e.g., In re Phenylpropanolamine, 460 F.3d at 1228, Allen v. Exxon Corp. (In re

10  the Exxon Valdez), 102 F.3d 429, 433 (9th Cir. 1996) (plaintiffs' total refusal to provide

11  discovery obstructed resolution of their claims on the merits).  Plaintiff here has failed to appear

12  at two status conferences, designed to identify the issues in dispute and set a schedule for moving

13  the matter towards disposition.  She has also failed to cooperate in scheduling a VDRP session

14  despite having agreed to do so.  Her involvement in both the status conference and VDRP is

15  essential to move the case towards resolution and her refusal to do so thwarts the court's (and the

16  defendants')  ability to reach the merits.  Thus, this factor presents no bar to dismissal of this

17  action.

18            The fifth factor, which considers the availability of less drastic measures, also

19  supports dismissal of this action.  The court has already pursued remedies that are less drastic

20  than recommending dismissal of plaintiff's suit.  See  Malone v. U.S. Postal Serv., 833 F.2d 128,

21  131-132 (9th Cir. 1987) (court abuses its discretion if it imposes a sanction of dismissal without

22  first considering the impact of the sanction and the adequacy of less drastic sanctions).   The

23  court has twice given plaintiff another chance to comply with its orders following her failure to

24  do so and has twice warned the plaintiff of the possibility of dismissal for failure to comply.  See

25  Id at 131-32 (alternative remedies include giving the noncompliant party another chance to

26  comply and  warning the plaintiff of the possibility of dismissal before actually ordering it).

1    When plaintiff failed to timely file her status report in advance of the March 21,

2 2012 scheduling conference, the undersigned granted her an extension of five days within which

3 to comply. Dkt 22.  When plaintiff failed to appear at the August 29, 2012 status conference, it

4 was re-set for her benefit and she was advised that failure to appear would result in a

5 recommendation that the action be dismissed with prejudice.  Dkt. 36.  In no uncertain terms, the

6 undersigned made clear that absent extraordinary circumstances, the court was not inclined to

7 further extend the date of the status conference.  Id.  This was not the first time plaintiff was so

8 cautioned.  In the OSC setting the August 29, 2012 status conference, plaintiff was cautioned that

9 failure to cooperate with the drafting of the joint status report and/or failure to appear at the

10 hearing would result in a recommendation that the action be dismissed with prejudice.  Dkt. 31.

11 It is hard to see what, if any, additional measures might compel plaintiff to comply with the

12 orders of this court.  This is especially true given that plaintiff is proceeding in forma pauperis

13 and thus would very likely be unable to pay any monetary sanction imposed in lieu of dismissal.

14 III.    CONCLUSION

15    For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

16    1.    Plaintiff's action be DISMISSED WITH PREJUDICE pursuant to Federal

17 Rule of Civil Procedure 41(b) for failure to prosecute the action and failure to follow the court's

18 orders.

19    2.    The Clerk of Court be directed to close this case and vacate all dates.

20    These findings and recommendations are submitted to the United States District

21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

22 (14) days after being served with these findings and recommendations, any party may file written

23 objections with the court and serve a copy on all parties.  Such a document should be captioned

24 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

25 shall be served on all parties and filed with the court within fourteen (14) days after service of the

26 objections.  The parties are advised that failure to file objections within the specified time may

1  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

2  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

3    Dated: September 24, 2012

4
                                          _____
5                                          CAROLYN K. DELANEY
                                           UNITED STATES MAGISTRATE JUDGE
6

7

8  CKD 9

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26