IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGIA CELENTANO,

    Plaintiff,                  No. 2:11-cv-01881 KJM CKD  PS

    v.

SACRAMENTO REGIONAL
TRANSIT DISTRICT et al.,

    Defendants.         FINDINGS AND RECOMMENDATIONS

/

Through these findings and recommendations, the undersigned recommends that plaintiff's case be dismissed with prejudice and that this case be closed.[1] Plaintiff has twice failed to appear for scheduled status conferences and has refused to cooperate in scheduling a Voluntary Dispute Resolution Program ("VDRP") session despite having consented to referral.

I.    BACKGROUND

Plaintiff proceeds without counsel and in forma pauperis in this matter. Dkt. 8. The original complaint was filed on July 18, 2011 and the operative second amended complaint asserts claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1   against several governmental entity defendants.  Dkt. 1, 26.

2           On October 24,  2011 the undersigned entered an order setting a status conference
3   for March 21, 2012 and requiring each party to file status reports no later than 14 days prior to
4   the hearing.  Dkt. 9.  Defendants timely filed their status report on March 7, 2012 (Dkt. 21), but
5   when plaintiff failed to do so the undersigned granted a five day extension in which plaintiff
6   could file her report or a statement consenting to referral to the court's Voluntary Dispute
7   Resolution Program ("VDRP") (Dkt. 22).  Plaintiff filed a statement consenting to referral to
8   VDRP on March 15, 2012 and, because both parties had requested referral, the undersigned
9   entered an order on March 19, 2012 referring the matter accordingly.  Dkt. 15, 23, 24.

10          On July 27, 2012, defendants notified the court that several attempts to schedule
11  the VDRP session with plaintiff  had been unsuccessful.  Dkt. 30.  According to defendants, both
12  the VDRP coordinator and counsel for defendants had attempted scheduling a date, but plaintiff
13  had not returned defendants' most recent phone call.  Id.  In response, the undersigned issued an
14  order to show cause ("OSC") on July 31, 2012, which required plaintiff to: (1)  file a declaration
15  within fourteen days of the order showing cause why monetary sanctions should not be imposed
16  against her for failing to cooperate in good faith with the scheduling of the VDRP session; (2)
17  personally appear at a status conference set for August 29, 2012; and (3) file a joint status report
18  with the defendants no later than August 22, 2012 . Dkt. 31.  The undersigned also cautioned
19  plaintiff that "failure to cooperate with the drafting of the joint status report and/or failure to
20  appear at the status conference will result in a recommendation that the action be dismissed with
21  prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute the case and failure to obey
22  court orders and the Local Rules."  Id.  Plaintiff was further warned that failing to comply with
23  the Local Rules "may be grounds for imposition ....of any and all sanctions authorized by statute
24  or Rule or within the inherent power of the Court."  Id.

25          On August 13, 2012 plaintiff filed a declaration objecting generally to the court's
26  OSC and to defendants' characterization of its attempts to schedule the VDRP session with

plaintiff. Dkt. 33. She also referenced a deposition scheduled by defendants on July 30, 2012 that she refused to attend due to "discovery issues that need to be settled by the judge first." Id. In their status report filed on August 21, 2012, defendants indicated that they circulated a draft joint report to plaintiff on August 8, 2012 for her to review and edit, but she failed to respond. Dkt. 34.

On August 28, 2012 – the day before the status conference – plaintiff left a message with the court stating, without explanation, that she would not be able to attend. Dkt. 36. The court subsequently vacated the August 29, 2012 status conference and re-set it for September 19, 2012. Dkt. 36. Plaintiff was again instructed to personally appear at the status conference and informed that the court was not inclined to further extend the date absent extraordinary circumstances. Id. Additionally, plaintiff was cautioned that failure to appear at the status conference would result in a recommendation that the action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Id. Nonetheless, plaintiff again failed to appear for the September 19, 2012 status conference as instructed. Dkt. 38. She did not notify the court of her absence prior to the hearing nor did she subsequently explain her failure to attend.

## II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[2] See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

---

[2] Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

3

or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition). This court's Local Rules are in accord. See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. L.R. 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

The court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit holds that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, a balancing of the five relevant factors weigh in favor of dismissing this action. The first factor supports dismissal of this action. This case has been ongoing for over one year with the plaintiff doing little more than filing three complaints. She has repeatedly failed to appear at scheduled status conferences to discuss the state of her action against defendants and allow the court to move forward in setting

discovery and other deadlines.  Because plaintiff has also failed to cooperate with VDRP, the parties have yet to address a single matter at issue in the case.  Such delay in reaching the merits of a case is costly in money, memory, manageability, and confidence in the process and is within the court's judgment to determine when delay becomes unreasonable.  See In re Phenylpropanolamine, 460 F.3d at 1227.

      The second factor, which considers the court's need to manage its docket, relates to the first factor and also supports dismissal of this action.  See Id, In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994) (second factor usually reviewed in conjunction with the public's interest in expeditious resolution).  The goal in allowing the district courts to retain power over their own dockets is to get cases decided on the merits of issues that are truly meritorious and in dispute.  In re Phenylpropanolamine, 460 F.3d at 1227.  A scheduling order is one way to facilitate that process and Fed. Rule Civ. Pro 16(c)(12)(f) puts teeth into these objectives by permitting a judge to dismiss a case for failing to comply with such orders.  See id at 1227.  Plaintiff's failure to appear for both status conferences  – wherein a scheduling order would issue, setting dates for discovery and summary adjudication  – has prevented this court from identifying and addressing the matters at issue despite that this action has been on its docket since July 19, 2011.  Dkt. 1.  Any further time spent by the court on this case will consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

      The third factor, which considers prejudice to the defendant, also counsels in favor of dismissal here.  Prejudice is found if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.  In re Phenylpropanolamine, 460 F.3d at 1227 (quoting Adriana Int'l Corp. V. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)).  The costs and burden of litigation to the defendants are also considered prejudicial.  See Pagtalunan, 291 F.3d at 642.  This is especially important here where all of defendants are governmental entities operating with scarce resources and managing heavy

5

caseloads. Additionally, the unreasonable delay, noted above, in reaching the merits of this case is presumed to be prejudicial to defendants. See, e.g., In re Phenylpropanolamine., 460 F.3d at 1227 (quoting In re Eisen, 31 F.3d at 1453) .

While the fourth factor favors disposition of cases on their merits, and not by dismissal, plaintiff's repeated noncompliant behavior allows the undersigned to fairly recommend dismissal of her claims. The public policy discouraging dismissal without adjudication on the merits lends little support to a party, such as plaintiff, whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction. See, e.g., In re Phenylpropanolamine, 460 F.3d at 1228, Allen v. Exxon Corp. (In re the Exxon Valdez), 102 F.3d 429, 433 (9th Cir. 1996) (plaintiffs' total refusal to provide discovery obstructed resolution of their claims on the merits). Plaintiff here has failed to appear at two status conferences, designed to identify the issues in dispute and set a schedule for moving the matter towards disposition. She has also failed to cooperate in scheduling a VDRP session despite having agreed to do so. Her involvement in both the status conference and VDRP is essential to move the case towards resolution and her refusal to do so thwarts the court's (and the defendants') ability to reach the merits. Thus, this factor presents no bar to dismissal of this action.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action. The court has already pursued remedies that are less drastic than recommending dismissal of plaintiff's suit. See Malone v. U.S. Postal Serv., 833 F.2d 128, 131-132 (9th Cir. 1987) (court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions). The court has twice given plaintiff another chance to comply with its orders following her failure to do so and has twice warned the plaintiff of the possibility of dismissal for failure to comply. See Id at 131-32 (alternative remedies include giving the noncompliant party another chance to comply and warning the plaintiff of the possibility of dismissal before actually ordering it).

6

1    When plaintiff failed to timely file her status report in advance of the March 21,
2  2012 scheduling conference, the undersigned granted her an extension of five days within which
3  to comply.  Dkt 22.  When plaintiff failed to appear at the August 29, 2012 status conference, it
4  was re-set for her benefit and she was advised that failure to appear would result in a
5  recommendation that the action be dismissed with prejudice.  Dkt. 36.  In no uncertain terms, the
6  undersigned made clear that absent extraordinary circumstances, the court was not inclined to
7  further extend the date of the status conference.  <u>Id</u>.  This was not the first time plaintiff was so
8  cautioned.  In the OSC setting the August 29, 2012 status conference, plaintiff was cautioned that
9  failure to cooperate with the drafting of the joint status report and/or failure to appear at the
10 hearing would result in a recommendation that the action be dismissed with prejudice.  Dkt. 31.
11 It is hard to see what, if any, additional measures might compel plaintiff to comply with the
12 orders of this court.  This is especially true given that plaintiff is proceeding in forma pauperis
13 and thus would very likely be unable to pay any monetary sanction imposed in lieu of dismissal.

14 III.    <u>CONCLUSION</u>

15       For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

16       1.    Plaintiff's action be DISMISSED WITH PREJUDICE pursuant to Federal
17 Rule of Civil Procedure 41(b) for failure to prosecute the action and failure to follow the court's
18 orders.

19       2.    The Clerk of Court be directed to close this case and vacate all dates.

20       These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
22 (14) days after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties.  Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
25 shall be served on all parties and filed with the court within fourteen (14) days after service of the
26 objections.  The parties are advised that failure to file objections within the specified time may

waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 24, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD 9

waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 24, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD 9

waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 24, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD 9